UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

DAYANA ALEXANDER,                        §
                                         §
                Plaintiff,               §
                                         §
        v.                               §        Case No. 4:26-cv-03268
                                         §
TRANSUNION, LLC, and EQUIFAX             §
INFORMATION SERVICES, LLC,               §
                                         §
                Defendants.              §

**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S
ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Equifax Information Services LLC ("Equifax"), by and through its undersigned

counsel, files its Answer to Plaintiff's Complaint ("Complaint") as follows:

**PRELIMINARY STATEMENT**

In answering the Complaint, Equifax states that it is responding to allegations on behalf of

itself only, even where the allegations pertain to alleged conduct by all Defendants. Equifax denies

any and all allegations in the headings and/or unnumbered paragraphs in the Complaint.

## I.    INTRODUCTION

1.      Equifax admits that Plaintiff purports to bring claims under the FCRA but denies

that it violated the FCRA and denies it is liable to Plaintiff for any damages.

2.      Equifax states that the FCRA and referenced authorities speak for themselves and

to the extent Plaintiff misstates, misquotes, or mischaracterizes the FCRA or any referenced

authority, Equifax denies the allegations in Paragraph 2.

3.      Equifax denies the allegations in Paragraph 3.

4.      Equifax denies the allegations in Paragraph 4.

5.      Equifax denies the allegations in Paragraph 5.

## II.    JURISDICTION AND VENUE

6.      Equifax admits that the Court has jurisdiction to the extent Plaintiff has pled claims pursuant to the FCRA.

7.      Equifax admits that it transacts business in the state of Texas.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7.

## III.    PARTIES

8.      Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8.

9.      Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9.

10.      Equifax admits the allegations in Paragraph 10.

11.      Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11.

12.      Equifax admits that it is a consumer reporting agency as that term is defined in the FCRA but denies the remaining allegations as stated in Paragraph 12.

13.      Equifax admits the allegations in Paragraph 13.

## IV.    FACTUAL ALLEGATIONS
*Equifax and TransUnion November 21, 2025 file disclosure request*

14.      Equifax admits that its records reflect that it produced a consumer disclosure of Plaintiff's credit file on November 21, 2025.

287841895.v1

15.     Equifax admits that its records reflect that it produced a consumer disclosure of Plaintiff's credit file on November 21, 2025. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15.

*The Credit Reporting Agencies (CRAs) omitted and excluded critical account information and Payment history when the file disclosure was requested by the Plaintiff*

16.     Equifax states that the FCRA speaks for itself and to the extent Plaintiff misstates, misquotes, or mischaracterizes the FCRA, Equifax denies the allegations in Paragraph 16.

17.     Equifax states that the referenced authority speaks for itself and to the extent Plaintiff misstates, misquotes, or mischaracterizes the referenced authority, Equifax denies the allegations in Paragraph 17.

18.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18.

19.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19.

20.     Equifax denies the allegations as stated in Paragraph 20.

21.     Equifax denies the allegations in Paragraph 21.

22.     Equifax denies the allegations as stated in Paragraph 22.

23.     Equifax denies the allegations in Paragraph 23.

24.     Equifax states that a consumer disclosure speaks for itself. To the extent Plaintiff misquotes, misstates, or takes out of context the contents of any consumer disclosure, the allegations in Paragraph 24 are denied.

25.     Equifax denies the allegations as stated in Paragraph 25.

287841895.v1

26.    Equifax denies the allegations as stated in Paragraph 26.

## V.    VIOLATIONS

### COUNT I: Willful Violation of 15 U.S.C. § 1681g(a)(1)

27.    Equifax reasserts and re-alleges its responses and defenses as set forth herein.

28.    Equifax denies the allegations in Paragraph 28.

29.    Equifax states that the referenced authority speaks for itself and to the extent Plaintiff misstates, misquotes, or mischaracterizes the referenced authority, Equifax denies the allegations in Paragraph 29.

30.    Equifax denies the allegations in Paragraph 30.

31.    Equifax denies the allegations in Paragraph 31.

32.    Equifax denies the allegations in Paragraph 32.

33.    Equifax states that the CFPB Advisory Opinion speaks for itself and to the extent Plaintiff misstates, misquotes, or mischaracterizes the Advisory Opinion, Equifax denies the allegations in Paragraph 33.

34.    Equifax states that its obligations are governed by the FCRA, which speaks for itself. To the extent Plaintiff misquotes, misstates, or takes out of context the FCRA, the allegations in Paragraph 34 are denied.

35.    Equifax denies the allegations in Paragraph 35.

### COUNT II: Willful Violation of 15 U.S.C. § 1681g(a)(2)

36.    Equifax reasserts and re-alleges its responses and defenses as set forth herein.

37.    Equifax states that the FCRA speaks for itself and to the extent Plaintiff misstates, misquotes, or mischaracterizes the FCRA, Equifax denies the allegations in Paragraph 37.

4

38. Equifax states that the CFPB Advisory Opinion speaks for itself and to the extent Plaintiff misstates, misquotes, or mischaracterizes the Advisory Opinion, Equifax denies the allegations in Paragraph 38.

39. Equifax denies the allegations in Paragraph 39.

40. Equifax denies the allegations in Paragraph 40.

41. Equifax denies the allegations in Paragraph 41.

42. Equifax denies the allegations in Paragraph 42.

## VI.   REQUEST FOR RELIEF

43. Equifax denies that Plaintiff is entitled to any relief sought in the paragraphs contained in her Request for Relief.

## VII.   DEMAND FOR A JURY TRIAL

44. Equifax admits that Plaintiff demands a jury trial.

Any allegation in Plaintiff's Complaint not heretofore specifically responded to by Equifax is hereby expressly denied.

WHEREFORE, having fully answered or otherwise responded to the allegations in Plaintiff's Complaint, Equifax prays that:

(1)   Plaintiff's Complaint be dismissed in its entirety and with prejudice, with all costs taxed against Plaintiff; and

(2)   It recovers such other and additional relief as the Court deems just and appropriate.

5

Dated: May 14, 2026

Respectfully submitted,

By:  */s/ Forrest M. "Teo" Seger III*

**FORREST M. "TEO" SEGER III**
Attorney-in-charge
Texas Bar No. 24070587
Southern District Bar No. 125540
TSeger@clarkhill.com
**CLARK HILL PLC**
2301 Broadway St.
San Antonio, Texas 78215
(210) 250-6000
(210) 250-6100 (Fax)

**ATTORNEY FOR DEFENDANT,
EQUIFAX INFORMATION SERVICES LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2026 a true and correct copy of the foregoing *Defendant Equifax Information Services LLC's Answer to Plaintiff's Complaint* was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

I further certify that on May 14, 2026, a true and correct copy of the foregoing *Defendant Equifax Information Services LLC's Answer to Plaintiff's Complaint* was served on Pro Se Plaintiff, via United States Mail, to the address set forth below:

Dayana Alexander
9311 FM 1488 30-111
Magnolia, TX 77354
*Pro Se Plaintiff*

*/s/ Forrest M. "Teo" Seger III*
Forrest M. "Teo" Seger III

6

287841895.v1