**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| DAYANA ALEXANDER,<br><br>Plaintiff<br><br>v.<br><br>TRANSUNION, LLC, and EQUIFAX INFORMATION SERVICES,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 4:26-cv-03268 |

**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S RULE 56(D) MOTION**
**IN RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendant Equifax Information Services LLC ("Equifax") respectfully submits this Rule 56(d) Motion ("Motion") in Response to Plaintiff's Motion for Partial Summary Judgment ("MSJ"). *See* Dkt. No. 38. For the reasons set forth below, the Court should readily grant Equifax's Motion and deny Plaintiff's MSJ in its entirety.

## I. INTRODUCTION

Plaintiff seeks partial summary judgment on liability under 15 U.S.C. § 1681g(a)(1), alleging that Equifax violated the Fair Credit Reporting Act ("FCRA") by providing consumer disclosures that contained masked account numbers and a masked social security number, rather than unredacted identifying information. Plaintiff's MSJ should be denied.

***First***, Plaintiff filed her MSJ at the early phase of litigation. The scheduling order establishes a discovery cutoff of March 1, 2027, and a dispositive motion deadline of March 8, 2027. *See* Dkt. No. 26. Yet, Plaintiff filed her original MSJ on June 25, 2026—***before*** the Initial Conference on July 2, 2026, and before the Court even entered the scheduling order. Dkt. Nos. 3, 20, 26. As such, discovery remains ongoing, and material facts necessary to oppose Plaintiff's MSJ

remain unavailable. Equifax is entitled to develop the factual record before Plaintiff's premature MSJ is decided.

***Second***, Plaintiff has failed to establish entitlement to judgment as a matter of law. Her MSJ depends entirely on the unsupported, conclusory premise that § 1681g(a)(1) requires a consumer reporting agency ("CRA") such as Equifax to disclose full account numbers and a full social security number when such information is maintained internally. Nothing in the text of the statute, the purported evidence cited by Plaintiff, or binding legal authority establishes that proposition.

***Finally***, material issues remain regarding Plaintiff's standing, alleged damages, alleged willfulness claim, and the nature of the information Plaintiff contends was allegedly omitted. Plaintiff's own Declaration identify multiple categories of allegedly omitted information, while her MSJ narrows the issues to account numbers and social security number information alone. Plaintiff's shifting theory confirms that she is not entitled to summary judgment.

## II. BACKGROUND

Plaintiff filed suit on April 22, 2026, alleging violations of §§ 1681g(a)(1) and 1681g(a)(2) of the FCRA. *See generally* Dkt. No. 1. The Complaint alleges that Equifax omitted numerous categories of account information, including full account numbers, original creditor names, payment history, dates of first delinquency, and vendor-source information. *Id.* ¶¶ 24, 26.

On June 25, 2026, Plaintiff filed her original MSJ. Dkt. No. 20. Plaintiff subsequently amended that motion multiple times, culminating in the operative Second Amended MSJ filed on July 30, 2026. Dkt. No. 38.

On July 2, 2026, the Court issued the scheduling order establishing, among other deadlines:

- Discovery cutoff: March 1, 2027;

- Dispositive motions deadline: March 8, 2027; and
- Trial term: August/September 2027.

*See* Dkt. No. 26.

Thereafter, the parties continued to litigate discovery issues. Dkt. Nos. 31, 36–37. A discovery hearing was held on July 28, 2026, and the Court entered a discovery order on July 29, 2026. *Id*. The parties continue to meet and confer regarding Plaintiff's noncompliance with the Court's discovery order and other outstanding discovery issues. *See* Fabian Decl. ¶ 6. To date, Equifax has not received any supplemental responses or document production from Plaintiff. *Id*.

Despite the undeveloped record, Plaintiff seeks summary judgment based primarily on (1) Equifax's Responses to Plaintiff's Requests for Admission; (2) a non-binding Federal Trade Commission ("FTC") advisory opinion; and (3) her conclusory Declaration. Plaintiff's MSJ should be denied as fully set forth below.

## III. LEGAL STANDARD

### I. Rule 56(d) of the Federal Rules of Civil Procedure

Rule 56(d) allows a party to request that the Court deny or defer consideration of a summary judgment motion upon a showing, by affidavit or declaration, that it "cannot present facts essential to justify its opposition" to the motion. Fed. R. Civ. P. 56(d). Rule 56(d) motions are "'broadly favored and should be liberally granted' because the rule is designed to 'safeguard non-moving parties from summary judgment motions that they cannot adequately oppose.'" *Winans v. McKay*, No. 25-30199, 2025 WL 3092771, at *2 (5th Cir. Nov. 5, 2025) (quoting *Am. Fam. Life Assur. Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013) (quoting *Roby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010)).

"[A] Rule 56(d) movant must [] make two showings to win relief: (1) that additional discovery will create a genuine issue of material fact; and (2) that [it] diligently pursued discovery." *Id*. (citing *Bailey v. KS Mgmt. Servs., L.L.C.*, 35 F.4th 397, 401 (5th Cir. 2022)).

**II. Pro se litigants**

"A pro se litigant must follow the same procedural rules governing all litigants." *Knoop v. Douglas,* No. 2:09-cv-0148, 2010 WL 4007752, at *4 (N.D. Tex. Oct. 12, 2010) (citing *Christian v. Dallas*, 64 F.Supp.2d 617, 623 (N.D. Tex. 1999) (citing *Martin v. Harrison County Jail*, 975 F.2d 192, 193 (5th Cir.1992) (per curiam ) (pro se litigant has no right to notice additional to that provided in Federal Rules of Civil Procedure)).

## IV. ARGUMENT

**A. Plaintiff's Motion is Premature**

Plaintiff's MSJ should be denied or, at minimum, deferred because the factual record is undeveloped and discovery remains ongoing. Although Rule 56 permits a party to move for summary judgment "at any time until 30 days after the close of all discovery," courts need not decide dispositive motions before the parties have had a ***meaningful*** opportunity to develop the factual record. Fed. R. Civ. P. 56(b). Rule 56(d) recognizes this principle and allows a nonmovant to seek relief by affidavit or declaration when it "cannot present facts essential to justify its opposition[.]" Fed. R. Civ. P. 56(d). In that circumstance, the Court may defer or deny the motion, allow additional discovery, or issue any other appropriate order. *Id*.

"Rule 56(d) provides broad discretion to ensure that summary judgment is not granted before a party has had a fair opportunity to obtain evidence." *Batiste v. Fiesta Mart Beverage Inc.*, No. 4:24-CV-03331, 2025 WL 3496779, at *1 (S.D. Tex. Dec. 5, 2025) (citing *Prospect Cap. Corp. v. Mutual of Omaha Bank*, 819 F.3d 754, 757 (5th Cir. 2016)). That is this case. Plaintiff filed her MSJ before the parties conducted any meaningful discovery. The factual record remains

undeveloped, and Equifax has not had a full and fair opportunity to obtain discovery regarding Plaintiff's standing allegations, claimed damages, or the factual bases for her legal theories.

As explained in the accompanying Rule 56(d) Declaration, Equifax requires additional discovery, including Plaintiff's deposition, follow-up discovery regarding outstanding issues, and possible third-party discovery. Fabian Decl. ¶¶ 4–10. Because Equifax cannot yet present facts essential to justify its opposition, Rule 56(d) relief is warranted. The Court should deny Plaintiff's MSJ as premature or, alternatively, defer consideration until the parties complete fact discovery.

**B. Equifax Has Not Had a Meaningful Opportunity to Conduct Essential Discovery**

This case is not ready for summary judgment. Plaintiff's § 1681g claim turns on what information she contends Equifax was required to disclose, whether the statute requires disclosure of that information in unmasked form, and whether any alleged omission caused a concrete injury. A bare statutory violation is not enough—Plaintiff must establish a concrete injury to recover damages under the FCRA. *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2205–13 (2021). Equifax has not yet had a meaningful opportunity to obtain discovery on those issues. Summary judgment should not be granted before the nonmovant has had an adequate opportunity for discovery. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

Equifax has diligently pursued discovery in accordance with the Court's scheduling order, but discovery remains outstanding. Plaintiff has not yet been deposed, and Equifax still requires discovery concerning Plaintiff's alleged standing, damages, causation, willfulness, interpretation of § 1681g, and the factual basis for her assertion that Equifax failed to disclose "all information" in her file. Equifax also requires discovery relevant to its defenses, including whether Plaintiff alleges any specific inaccuracy, whether any alleged harm was caused by Equifax, and whether Plaintiff failed to mitigate her alleged damages. *See* Fabian Decl. ¶¶ 4–10.

The need for this discovery is far from speculative. Equifax has previously prevailed at summary judgment against a substantially similar theory challenging the masking or truncation of account information in consumer disclosures. *See Washington v. Equifax Info. Servs., LLC*, No. 3:19-CV-00154, 2020 WL 5521411, at *7 (M.D. Tenn. Aug. 20, 2020), report and recommendation adopted, 2020 WL 5513789 (M.D. Tenn. Sept. 14, 2020). Equifax is entitled to develop the factual record here before being required to litigate dispositive issues. Rule 56(d) exists to prevent summary judgment before a party has had that opportunity. The Court should therefore deny or defer Plaintiff's MSJ until fact discovery is substantially completed.

**C. Plaintiff Has Failed to Establish Entitlement to Judgment as a Matter of Law**

Plaintiff bears the burden of showing both that no genuine dispute of material fact exists and that she is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson*, 477 U.S. at 250. She has not met that burden.

Plaintiff's MSJ rests on a disputed legal premise: that § 1681g(a)(1) requires Equifax to disclose full account numbers and a full social security number whenever that information is maintained internally. Equifax's admissions do not establish that proposition. At most, they show that Equifax maintained information internally, provided disclosures containing masked account numbers and a masked social security number, and masked certain information for consumer protection. *See* Dkt. No. 38-4 (Requests for Admission Nos. 1–2, 5, 9–10, 13, 16). They do not establish that § 1681g requires disclosure of unmasked account numbers or social security numbers, or that Plaintiff can prove standing, willfulness, causation, or damages.

Plaintiff's own evidence also confirms that factual disputes remain. Her Declaration identifies allegedly omitted information such as "Terms Duration" and "Original Charge-Off Amount," *see* Dkt. No. 38-2 ¶ 9, while her MSJ says the withheld information at issue is limited to complete account numbers and her complete social security number. Dkt. No. 38 ¶ 32. That

inconsistency shows that the scope of her claims remains disputed and independently precludes summary judgment.

Nor does Plaintiff's reliance on a 2000 FTC staff advisory opinion carry her burden. The opinion expressly states that it is "not binding on the Commission." Dkt. No. 38-3 at 3. Plaintiff cites no binding Fifth Circuit authority holding that a CRA violates § 1681g(a)(1) by masking account numbers or social security numbers in a consumer disclosure, much less authority establishing that she is entitled to judgment as a matter of law.

By contrast, Equifax has defeated a substantially similar truncation-based claim at summary judgment after development of a complete factual record. *See Washington*, *supra*. Rule 56(d) exists to prevent exactly what Plaintiff seeks here: summary judgment before Equifax has had a fair opportunity to develop the record. Because Plaintiff has not shown the absence of any genuine dispute of material fact or entitlement to judgment as a matter of law, her MSJ should be denied.

## V. **CONCLUSION**

For the foregoing reasons, Equifax respectfully requests that the Court deny Plaintiff's MSJ in its entirety as premature. Alternatively, pursuant to Rule 56(d), Equifax requests that the Court defer consideration of Plaintiff's MSJ until the parties have had a full and fair opportunity to complete fact discovery and Equifax has had a full and fair opportunity to develop the factual record.

DATED: August 20, 2026

Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/ Heliane Fabian*

Heliane Fabian, TX Bar No. 24109850
SDTX Fed. No.: 3850357
hfabian@seyfarth.com
SEYFARTH SHAW LLP
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

*Counsel for Defendant*
*Equifax Information Services LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 20, 2026, I filed the foregoing DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S RULE 56(D) MOTION IN RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record. A copy has also been sent via U.S. Mail to the following:

Dayana Alexander, *plaintiff pro se*
9311 FM 1488 30-111
Magnolia, Texas 77354

*/s/ Heliane Fabian*
Heliane Fabian
*Counsel for Defendant*
*Equifax Information Services LLC*